FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 SEP 29 AM 11:35
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LONNIE DENNIS,

    Petitioner,

v.

ANTHONY HAYNES, Warden,
UNITED STATES BUREAU OF
PRISONS; and UNITED STATES
PAROLE COMMISSION,

    Respondents.

CIVIL ACTION NO.: CV210-070

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Lonnie Dennis ("Dennis"), who was formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondents filed a Motion to Dismiss, and Dennis filed a Response-Traverse. For the following reasons, Respondents' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE FACTS

Dennis was convicted of armed bank robbery in the Northern District of Georgia and was sentenced to 45 years' imprisonment, followed by 5 years' probation. Dennis was paroled in March 1989 and is to remain under parole supervision until the full term date of January 9, 2023. Dennis has had his parole revoked on at least three (3) occasions, and he is scheduled to be re-paroled on December 2, 2010.[1]

---

[1] See Document Number 10, pages 2-5 for a full account of Dennis' parole history.

Dennis filed a petition for writ of habeas corpus, and the District Court for the Northern District of Georgia dismissed his petition for failure to exhaust his administrative remedies. Dennis filed a "Petition for Declaratory and Injunctive Relief" in the Northern District of Georgia, complaining about the computation of his sentence and the Parole Commission's failure to give him good time credit. This petition also was dismissed because Dennis did not exhaust his administrative remedies. In the alternative, the Northern District of Georgia court found that Dennis failed to show that he was entitled to have his sentence reduced because he forfeited his good time credits by accepting parole. Dennis then filed an action entitled "Title VII Complaint", in which he alleged that the Bureau of Prisons and the Parole Commission violated his constitutional rights by failing to give him good time credit, which increased the length of time he is in custody. This cause of action was denied. Finally, Dennis filed a "petition for mandamus relief" in the Northern District of Georgia, in which he sought re-computation of his sentence and application of good time credits. This petition was dismissed, as the Northern District of Georgia court determined that Dennis could not proceed pursuant to section 2241 because the petition was successive. (Doc. No. 10-1, pp. 3-4, 6-7).

In his petition, Dennis asserts that the United States Parole Commission and the Bureau of Prisons violated his Fifth and Fourteenth Amendment rights by failing to correct his mandatory statutory release date, which was March 28, 2008.

Respondents assert that this Court lacks subject matter jurisdiction over Dennis' petition, as it is successive. In the alternative, Respondents contend that the Parole Commission correctly calculated Dennis' sentence.

## DISCUSSION AND CITATION TO AUTHORITY

A petitioner's claims concerning the duration of his sentence and not the validity of his conviction or sentence are cognizable under § 2241. Watson v. United States, Nos. 09-15696, 09-15697, 2010 WL 3195715, at *3 (11th Cir. Aug. 13, 2010). "Successive § 2241 petitions by federal prisoners are subject to threshold dismissal in the district court because

> 'No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.'"

Antonelli v. Warden, United States Penitentiary, Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) (quoting 28 U.S.C. § 2244(a)).[2] "For a § 2241 petition to be barred as successive under 28 U.S.C. § 2244(a), the same claims must have been raised and adjudicated on the merits in the petitioner's prior habeas proceedings." Watson, 2010 WL 3195715 at *3.

The Court recognizes that Dennis' first two causes of action (one of which Dennis specifically filed as a habeas corpus petition) were dismissed by the District Court of the Northern of Georgia based on procedural grounds. However, Dennis' third cause of action, Dennis v. Gonzales, 1:05-CV-2905-CC (N.D. Ga.), though styled as a Title VII cause of action, asserted claims "on the same series of facts" in his previous claims before the Northern District of Georgia. (Doc. No. 10-1, p. 16). Dennis' claims were based on his allegation that the forfeiture of his statutory good time credits following his

---

[2] The Eleventh Circuit specifically noted that § 2241 petitions are not subject to the gatekeeping provision of 28 U.S.C. § 2255(h), as the language of that section applies only to a second or successive motion under § 2255, not to *petitions* filed pursuant to § 2241. Antonelli, 542 F.3d at 1352, n.2.

3

parole violated the Constitution and Title VII. (Id.). Dennis' claims were dismissed on the merits as an alternative to dismissing his claims for failure to exhaust his administrative remedies. (Id. at p. 29). Moreover, in Dennis v. United States Bureau of Prisons, et al., 1:07-CV-2429-CC (N.D. Ga.), the Northern District of Georgia found that Dennis' cause of action was a claim for relief from his sentence and parole restrictions, despite Dennis' characterization of his claim as a petition for mandamus relief. (Id. at p. 5). The Honorable Clarence Cooper found that Dennis' request for relief properly fell under section 2241, which is "the exclusive remedy for a federal prisoner to challenge the administration of his sentence or his conditions of confinement." (Id. at p. 6). Judge Cooper also found that Dennis' petition was barred as successive, as Dennis v. Gonzales, was decided on the merits. (Id. at p. 7). On appeal, the Eleventh Circuit found that Dennis' previously-filed claims for relief had not been decided on the merits, and thus, could not have made later-filed claims successive. However, the Eleventh Circuit did find that Dennis' claims failed on the merits of his contention that he was unlawfully deprived of good time credits pursuant to 28 C.F.R. § 2.35(b). Dennis v. United States Bureau of Prisons, 325 F. App'x 744, 748 (11th Cir. 2009).

It appears that Dennis' previous claims for relief have been decided on the merits (in at least the Eleventh Circuit Court of Appeals), and, accordingly, his petition should be dismissed as being successive.

In the alternative, Dennis' petition should be denied on the merits. According to the Federal Regulations:

> It is the Commission's interpretation of the statutory scheme for parole and good time that the only function of good time credits is to determine the point in a prisoner's sentence when, in the absence of parole, the prisoner is to be conditionally released on supervision, as described in subsection

4

(a). Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release.

28 C.F.R. § 2.35(b). Dennis' good time credits were extinguished when he accepted parole and are unavailable to reduce the sentence he is currently serving. <u>Booth v. United States</u>, 996 F.2d 1171, 1172-73 (11th Cir. 1993) (finding the Parole Commission's regulation and explanatory material concerning the viability of good time credits following parole to be reasonable).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and that Dennis' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** as successive. In the alternative, it is my **RECOMMENDATION** that Dennis' petition be **DENIED** on the merits.

**SO REPORTED** and **RECOMMENDED**, this 27th day of September, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE